UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronicia LaTressa Benjamin,<br><br>  Petitioner<br><br>v.<br><br>Gabriela Garcia Najera, *et al.*,<br><br>  Respondents | Case No. 2:22-cv-01059-APG-VCF<br><br>**ORDER** |

Petitioner Ronicia La Tressa Benjamin, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1-1.  I previously ordered Benjamin to pay the standard filing fee (ECF No. 3) and Benjamin complied on August 15, 2022 (ECF No. 4).

Under Habeas Rule 4, I must examine the habeas petition and order a response unless it "plainly appears" that Benjamin is not entitled to relief. *See also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  Courts must dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).  For the reasons discussed below, I will dismiss the Petition without prejudice.

I.   Background

Benjamin's petition involves convictions and sentences imposed by the Second Judicial District Court for Washoe County. ECF No. 1-1 at 59–63.  Benjamin pleaded guilty on February 23, 2007 in two cases for three counts of felony obtaining or using personal identifying

1

information in violation of Nevada Revised Statutes (NRS) § 205.453. *Id.* In the first case (Case No. CR06-1649), Benjamin was sentenced to two consecutive terms of imprisonment of 8-to-20 years with 239 days credit for time served. *Id.* at 59–60. In the second case (CR06-2466), Benjamin was sentenced for the third conviction to 8-to-20 years imprisonment with no credit for time served, to run consecutive to the sentence imposed in the first case. *Id.* at 62–63.

According to a May 27, 2014 Institutional Parole Agreement, a little over seven years after the judgment of conviction the State of Nevada Board of Parole Commissioners (Board) authorized Benjamin to serve parole on an institutional basis for the first conviction in the first case (CR06-1649) starting on June 29, 2014. *Id.* at 41, 54. One "special condition" of the agreement indicates Benjamin was "PAROLED TO CONSECUTIVE SENTENCE." *Id.* In 2016, Casenotes of the Offender Management Division states that Benjamin's credits under "AB510" (NRS §209.4465) are correct.[1] *Id.* at 64–69.

A little over four years later, on September 6, 2018, the Board granted Benjamin parole "[w]hen eligible" for the second conviction in the first case (CR06-1649) and released her to serve the consecutive sentence for the third conviction:

> It is the Order of the Board that Parole is GRANTED. The effective date of parole is[:] When Eligible.
>
> Release to the community or to a consecutive sentence is authorized on the above specified date. If "when eligible" is indicated, release is authorized on or after the date of this hearing upon attaining minimum eligibility, as determined by the Nevada Department of Corrections (NDOC).
>
> . . . .
> THIS ACTION APPLIES TO THE FOLLOWING SENTENCES(S):

---

[1] *See* CRIMINAL OFFENDERS—RESIDENTIAL CONFINEMENT—PAROLE, 2007 Nevada Laws Ch. 525 (A.B. 510) (amending NRS § 209.4465(7)(b)).

*Controlling sentence denoted by \*, Case # Court: Offense Description*

CR06-1649, 2; OBTAIN/USE PERSONAL IDENTIFYING INFO

*Id.* at 56–58. The Order Granting Parole specified one reason for granting parole is "The inmate must serve a consecutive sentence." *Id.* Thus, it appears Benjamin is presently serving the sentence for the third conviction.

Prior to the Order Granting Parole in 2018, Benjamin filed a petition in the state district court alleging the denial of credits against the minimum sentence as required by NRS § 209.4465 constituted cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 1-1 at 14–24. The respondents agreed Benjamin was entitled to credits under NRS § 209.4465 and *Williams v. State Dep't of Corr.*, 133 Nev. 594, 402 P.3d 1260 (2017), but maintained the prison records indicate she received proper credits. *Id.* at 36–37. The state district court denied the petition, finding "the NDOC has applied credits appropriately to the minimum making the petition MOOT and there is no additional relief this Court may grant." *Id.* at 53. Benjamin subsequently filed additional challenges to the sentence computation in postconviction petitions on December 24, 2018, but those petitions were denied, and the Nevada Court of Appeals affirmed on appeal.[2]

II.     Ground 1

In Ground 1, Benjamin alleges that the failure to apply credits toward the minimum sentence for the first conviction in accordance with NRS § 209.4465 and *Williams* constitutes cruel and unusual punishment in violation of the Eighth Amendment because it deprived

---

[2] I take judicial notice of the online docket records of the Nevada Appellate Courts at https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57290.

Benjamin an earlier parole hearing and ultimately results in a lengthier sentence before Benjamin may be paroled. ECF No. 1-1 at 3–4.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan,* 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds,* 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is not available "for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). In narrow circumstances, however, a state law may create a federally constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern the official decision-making, and (2) contains explicitly mandatory language, *i.e.,* a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met. *See Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 462 (1989).

Because imprisonment is punitive, officials who detain a person beyond the expiration of a sentence may violate that person's rights under the Eighth Amendment if those officials act with deliberate indifference to the prisoner's liberty interest. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). On the other hand, habeas relief is not available for "probabilistic claims," *i.e.,* where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Nettles v. Grounds*, 830 F.3d 922,

933–34 (9th Cir. 2016) (quoting *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled by Nettles*).

Nevada state prisoners do not have a liberty interest in the discretionary grant of parole or in eligibility for such parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010) (noting Nevada's statutory parole scheme expressly disclaims any intent to create a liberty interest and does not use mandatory language); *Rodriguez v. Williams*, Case No. 2:19-cv-00726-GMN (VCF), 2020 WL 209311, at *4 (D. Nev. Jan. 13, 2020) (dismissing a proposed Eighth Amendment claim as futile because there is no liberty interest in the application of good time credits to minimum terms under NRS § 209.4465); *Lyons v. Bisbee*, No. 3:07-CV-460-LRH (RAM), 2009 WL 801824, at *12 (D. Nev. Feb. 10, 2009), *adopted by Lyons v. Bisbee*, No. 3:07-cv-00460-LRH (RAM), 2009 WL 872436 (D. Nev. Mar. 25, 2009) ("[W]here the alleged conduct only resulted in a longer interval before the inmate could be considered for parole, there can be no finding of cruel and unusual punishment.").

Benjamin's allegations that the prison's failure to award credits caused her to serve additional time before her initial parole eligibility date is a question of state law; thus, it is not cognizable in federal habeas. Moreover, because Benjamin has no liberty interest in a shortened parole eligibility date, she could not have been subjected to cruel and unusual punishment in violation of the Eighth Amendment on that basis. I will therefore dismiss the Eighth Amendment claim in Ground 1 as futile.

/ / / /

/ / / /

III. Ground 2

Ground 2 alleges prison officials violated Benjamin's First Amendment right to freedom of speech by retaliating against her for submitting grievances about the failure to award credits toward the minimum sentence by confiscating legal documents and sending Benjamin of Nevada to serve the remainder of the sentences. ECF No. 1-1 at 7.

A state prisoner's habeas claim is cognizable under § 2254 only if it falls within the "core" of habeas. *Nettles*, 830 F.3d 922 at 930. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in an action under 42 U.S.C. § 1983. *Id.* at 931 (rejecting prisoner's purported habeas claim because, even if successful, it "would not necessarily lead to immediate or speedier release because expungement of the challenged disciplinary violation would not necessarily lead to grant of parole") (quoting *Skinner v. Switzer*. 562 U.S. 521, 535 n.13 (2011)).

Benjamin's First Amendment claims, even if successful, would not necessarily lead to her immediate or earlier release from confinement, and therefore do not fall within the core of habeas corpus. They must, instead, be brought under 42 U.S.C. § 1983. I will dismiss Ground 2 as it is not a cognizable claim in federal habeas corpus.

IV. Recharacterization of the Petition

In an appropriate case, a habeas petition may be construed as a complain under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 936. However, there are several significant differences between a habeas matter and a civil rights action. For example, the filing fee for a habeas petition is $5, and if the prisoner receives permission to proceed in forma pauperis, the filing fee is waived. For civil rights cases, however, the prisoner is required to pay a $350 filing fee under the

Prisoner Litigation Reform Act by way of monthly payments from the prisoner's trust account— even if granted *in forma pauperis* status. *See* 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition when he or she would not be required to pay a filing fee might feel differently about a civil rights complaint for which $350 would be deducted from her account in monthly payments. Even if the court dismisses the civil rights complaint, a petitioner is obligated to pay the full $350, and account deductions will continue until the balance is paid. *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016). Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim will count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on the marked differences between habeas and civil rights cases, rather than construing the petition as a civil rights action, I will dismiss it without prejudice so that Benjamin may assert claims under 42 U.S.C. § 1983 in a new case if she chooses to do so.

I THEREFORE ORDER:

1. Benjamin's Petition for Writ of Habeas Corpus **(ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE**.

2. A certificate of appealability is denied as reasonable jurists would not find the dismissal of this action on the grounds set forth above to be debatable or wrong.

4. The Clerk of Court is instructed to send Benjamin one blank copy of the form complaint for civil rights actions under 42 U.S.C. § 1983.

5. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for the respondents. No response is required from the respondents other than to respond to any orders of a reviewing court.

6. The Clerk of Court will file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and informally serve the Nevada Attorney General with the petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

7. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

Dated: September 14, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE